United States District Court
Southern District of Texas
**ENTERED**
December 08, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOE L. BUCKNER, JR. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-15-039 |
| | § | |
| CITIMORTGAGE, INC., and | § | |
| BARRETT DAFFIN FRAPPIER | § | |
| TURNER and ENGLE, LLP. | § | |

## OPINION AND ORDER

Before the Court are the Motion to Dismiss of Defendant Citimortgage and the

Motion to Dismiss of Defendant Barrett Daffin Frappier Turner and Engle (Barrett).

Extensive settlement negotiations have proven unsuccessful and the Motions are ripe for

determination.

A very brief synopsis of the facts will suffice.  When threatened with a foreclosure

sale of his deceased father's home, Buckner, as administrator of the estate, filed suit in

state court alleging that Citimortgage and Barrett had breached the terms of the mortgage

by not serving him with notice of the foreclosure sale and seeking to have it enjoined.  A

temporary restraining order was issued.  Citimortgage removed the case to this Court and

no sale has ever taken place.

No formal opposition to the Motions have been filed, but the Court cannot grant a

Motion to Dismiss by default.  Issa v. CompUSA, 354 F.3d 1174, 1178 (10th Cir. 2003).

However, in the absence of a response the few relevant facts relied upon by Citimortgage

and Barrett are undisputed.  Because the scheduled sale did not take place, Buckner's claim for an injunction has been rendered moot and must be dismissed.  Buckner's breach of contract claim against Citimortgage would be dismissed on the merits because Texas law does not require actual receipt of the notice of sale by the mortgagor, <u>Stanley v. CitiFinancial Mortgage Co.</u>, 121 S.W. 3d 811, 817 (Tex. App. -- Beaumont 2003, pet. denied), and Buckner's breach of contract claim against Barrett would also fail on the merits because no contract existed between these Parties.  Regardless, this claim has also been rendered moot since, despite any lack of notice, there has been no sale.

It is, therefore, **ORDERED** that the Motion to Dismiss (Instrument no. 19) of Defendant Citimortgage and the Motion to Dismiss (Instrument no. 7) of Defendant Barrett Daffin Frappier Turner and Engle are **GRANTED** and all claims asserted by Buckner against these Defendants are **DISMISSED**.

**DONE** at Galveston, Texas, this _____8th_____ day of December, 2015.

_____

John R. Froeschner
United States Magistrate Judge